IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DELRESA A. MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3219 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HALBLEIB, in his | ) | MEMORANDUM AND ORDER |
| individual and official | ) | |
| capacities, ANGELA BAKER, in | ) | |
| her individual and official | ) | |
| capacities, and ANTHONY | ) | |
| DESANTI, in his individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants have moved for leave to file a motion for summary judgment based on qualified immunity and a motion for summary judgment on the merits, both out of time.  Plaintiff has opposed the motion, arguing that the defendants have shown no good reason for having failed to meet the deadlines earlier imposed on the parties for the filing of such motions.  The court's initial progression order in the case required that motions for summary judgment based on qualified immunity be filed within sixty days of that order's entry, October 25, 2005; that order was stayed, however, and a new deadline of November 1, 2006 was established by Judge Thalken's order of August 2, 2006 (filing 29).  That order required motions for summary judgment based on the merits be filed by February 16, 2007.

The basis of the qualified immunity defense is to protect officers from suit and the litigation process in those cases in which a reasonable officer in the defendant's position would not

have known that his or her actions violated a clearly established
right of the plaintiff.  See, e.g., Kahle v. Leonard,
___ F.3d ___, 2007 WL 438769 (8th Cir. Feb. 12, 2007).  This
court's purpose in requiring the filing of such motions early in
the progression of a case is not only to resolve the matter
before the parties have expended resources in litigating the
claims and preparing the matter for trial, but more importantly,
to carry out the mandate of "protecting the defendant from suit"
if the plaintiff has not alleged violation of a clearly
established right.  Mitchell v. Forsyth, 472 U.S. 511, 525-26
(1985); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Whisman
Through Whisman v. Rinehart, 119 F.3d 1303, 1309 (8th Cir. 1997)
("Qualified immunity is usually raised by a motion for summary
judgment after a limited amount of discovery has been conducted
to determine whether defendants acted objectively in a reasonable
manner and whether a plaintiff's rights were clearly established
at the time of the alleged depravation").  This court has held
that failure to timely assert a defendant's claim to qualified
immunity in accordance with the court's progression orders may,
in the absence of specific reasons for failing to do so, waive
the defense.  Faulkner v. Houston, 974 F. Supp 757 (D. Neb.
1997); but see Verney v. Dodaro, 872 F. Supp. 188 (DM.D. Pa
1995), *aff'd*, 79 F.3d 1140 (3d Cir. 1996).

In this case the defendants have made no showing of an
adequate reason for failing to raise the defense of qualified
immunity before now.  The defense was raised in their Amended
Answer filed October 31, 2005.  Filing 13.  They suggest that
they were represented by different counsel earlier when the
deadline passed for filing such motions, but in fact at all times
all defendants were represented, and no motion for extension of

2

time was filed.  I see no reason to permit the defendants to now
file a motion for summary judgment based on qualified immunity.

The same cannot be said regarding the defendants' motion for
leave to file a motion for summary judgment on the merits.  The
law permits the court in a proper case to enter summary judgment
in favor of a non-moving party, "so long as the losing party was
on notice that it had to come forward with all of [its]
evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).
While the court certainly does not approve of the failure to
abide by the time limits of the progression order, since under
these circumstances the court could, if proper, grant a summary
judgment to defendants even if they did not move for one, I shall
permit the filing of one.

IT THEREFORE HEREBY IS ORDERED:

1.  That portion of defendants' motion requesting leave to
file a motion for summary judgment based on qualified immunity
out of time, filing 48, is denied.

2.  That portion of defendant's motion requesting leave to
file a motion for summary judgment based on the merits of the
case, filing 48, is granted, and the motion may be filed on or
before March 20, 2007.

DATED this 15th day of March, 2007.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

3