IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DELRESA A. MYERS, | ) | 4:05CV3219 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| MICHAEL HALBLEIB, in his | ) | |
| individual and official capacities, | ) | |
| ANGELA BAKER, in her individual | ) | |
| and official capacities, and | ) | |
| ANTHONY DESANTI, in his | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Trial of this matter is scheduled to commence on August 13, 2007. In reviewing the trial briefs and proposed jury instructions, it is noted that even though each defendant is sued in his or her "individual and official capacities," there are no "official capacity" claims to submit the jury. There are no factual allegations in the plaintiff's complaint that would cause the defendant police officers' employer, the City of Omaha, to have any liability. The order on final pretrial conference also indicates that the plaintiff is only claiming the defendants are personally liable. That is, the only liability issue identified in the order is "[w]hether Defendants Halbleib, Baker, or DeSanti deprived Plaintiff of her constitutional rights protected by the 4th Amendment to the United States Constitution's prohibition against unreasonable searches." (Filing 64, at 2.)

It is well settled that the doctrine of respondeat superior is inapplicable to section 1983 claims. *Vaughn v. Greene County*, 438 F.3d 845, 851 (8th Cir. 2006). The City can only be held liable on an unconstitutional policy or custom theory[1] or

---

[1] "Municipal liability under section 1983 is premised on the existence of two prerequisites: (1) a policy, practice, or custom must be attributable to the City through

on a failure to train or supervise theory.[2] *See McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005).

Accordingly,

IT IS ORDERED that:

1. Despite the case caption showing that each defendant is sued in his or her "individual and official capacities," no "official capacity" liability claim will be submitted to the jury and no judgment will be entered in this case imposing any liability against the City of Omaha.

2. Pursuant to Federal Rule of Civil Procedure 21,[3] the case caption is hereby amended to show that each defendant is sued only in his or her "individual capacity."

August 10, 2007.          BY THE COURT:

                          s/ *Richard G. Kopf*
                          United States District Judge

---

actual or constructive knowledge; and (2) the policy, practice, or custom must directly cause constitutional injury." *Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

[2] "Under certain circumstances, a municipality can be liable under section 1983 for constitutional violations resulting from its failure to adequately train its employees." *Gatlin*, 362 F.3d at 1094. "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 380 (1989)).

[3] "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action . . .." Fed. R. Civ. P. 21.